IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN LEE MORRIS, SR.,           )
                                )
          Plaintiff,            )
                                )
     v.                         )     1:12-cv-1359
                                )
THE PEOPLE OF THE UNITED        )
STATES, ET AL.,                 )
                                )
          Defendant.            )

**MEMORANDUM OPINION AND ORDER**
**AND PRE-FILING INJUNCTION**

THOMAS D. SCHROEDER, District Judge.

This is a *pro se* action by Plaintiff John Lee Morris, Sr. ("Morris" or "Plaintiff"), who, in a handwritten complaint, alleges broadly that the numerous Defendants in this case violated his constitutional rights. (Doc. 4.) Before the court now are Defendants' motions to dismiss (Docs. 12, 16, 18, & 20) and motion for a pre-filing injunction to enjoin Morris from filing any future lawsuits, motions, or related proceedings that are directly or indirectly related to this suit (Docs. 28, 30). For the reasons set forth below, all motions will be granted.

I.   BACKGROUND

Morris has an extensive litigation history in this court. He has filed five previous lawsuits that the court has dismissed

as frivolous[1]:

1. <u>John Lee Morris, Sr. v. North Carolina Court of Appeals, et al.</u>, Case No. 1:02-CV-327. Dismissed as frivolous under 28 U.S.C. § 1915(d) by Judgment entered May 22, 2002. Morris petitioned the U.S. Supreme Court for certiorari, which was denied May 19, 2003.

2. <u>John Lee Morris, Sr. v. North Carolina Appeals and Supreme Courts, et al.</u>, Case No. 1:04-CV-213. Dismissed as frivolous under 28 U.S.C. § 1915(d) by Judgment entered May 28, 2004. The Fourth Circuit affirmed.

3. <u>Rev. John Lee Morris, Sr. v. Supreme Court of the United States, et al.</u>, Case No. 1:06-CV-578. Dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B) by Judgment entered September 28, 2006. The Magistrate Judge found the claims "fanciful, delusional, irrational and indecipherable." The Fourth Circuit affirmed. Morris sought en banc review, which was denied.

4. <u>Rev. John Lee Morris, Sr. v. North Carolina Supreme Court</u>, Case No. 1:08-CV-98. Dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B) by Judgment entered April 4, 2008. The Magistrate Judge found the claims "fanciful, delusional, irrational and indecipherable."

5. <u>John Lee Morris, Sr. v. The People of the United States</u>, Case No. 1:10-CV-130. Dismissed as frivolous by Judgment entered January 14, 2011. The Fourth Circuit affirmed.

On November 19, 2012, Morris filed the present complaint in the General Court of Justice, Superior Court Division, Durham County, North Carolina (Doc. 4), and Defendant United States of America removed the action to this court on December 21, 2012

---

[1] On a motion to dismiss, the court may "properly take judicial notice of matters of public record." <u>Sec'y of State for Def. v. Trimble Navigation Ltd.</u>, 484 F.3d 700, 705 (4th Cir. 2007).

(Doc. 1). Morris names multiple Defendants that can be grouped into two categories[2]:

1. "Federal Defendants": United States of America; the United States Postal Service; Judge Paul V. Niemeyer, Judge William B. Traxler, Jr., Judge Roger L. Gregory, Judge James A. Wynn, Jr., Judge Barbara Milano Keenan, and Judge Andre N. Davis of the United States Court of Appeals for the Fourth Circuit; Mr. William K. Suter, Clerk of Court of the United States Supreme Court; Mr. Jeffrey Atkins and Ms. Ruth Jones of the Office of the Clerk of the United States Supreme Court; Judge Trevor Sharp, former United States Magistrate Judge for the Middle District of North Carolina (retired); Judge James A. Beaty, Jr., United States District Judge for the Middle District of North Carolina[3]; and Mr. Gill P. Beck, Assistant United States Attorney for the Middle District of North Carolina.

2. "State Defendants": The State of North Carolina; The People of the State of North Carolina; Chief Justice Sarah Parker, Justice Mark D. Martin, Justice Robert H. Edmunds, Jr., former Justice Edward T. Brady, former Justice Patricia Timmons-Goodson, Justice Paul M. Newby, and Justice Robin E. Hudson of the Supreme Court of North Carolina; Judge Robert H. Hobgood, Senior Resident Superior Court Judge; Mr. Roy Cooper, Attorney General of North Carolina; Mr. Robert Montgomery, Special Deputy Attorney General; and Mr. Grady L. Balentine, Jr., Special Deputy Attorney General.

The basis of Morris's claims against the Federal and State Defendants is utterly indecipherable. His complaint vaguely

---

[2] Morris may also have attempted to amend his complaint to list the County of Durham as a Defendant. (See Doc. 1, Ex. C.) This is addressed separately below.

[3] Judge Beaty has filed a separate motion to dismiss. (Doc. 20.) Because its reasoning and analysis is the same as that of the other Federal Defendants, the court will consider all motions together.

3

alleges violations of his constitutional rights in the following way:

> Notice for Criminal Action upon Ruling Justices and Attorney's also\Clerk's. For failure to order investigation by F.B.I. Also upon Killing of Black Men. And Constitution violation.

(Doc. 4 at 2.) In his demand for relief, Morris states that he seeks $12,000 in damages from each Defendant and requests an order that all Defendants receive "one year sanction of the Job" or "leave this U.S.A. for 3 years for depriving the Plaintiff out of his constitution [sic] rights." (Id. at 3.)

All Defendants now move to dismiss the action (Docs. 12, 16, 18, & 20), and the Federal Defendants move for a "permanent pre-filing injunction barring the Plaintiff from filing any future lawsuits, motions, or related proceedings, which are directly or indirectly related to this suit, in any court, whether state or federal, without review by this Court" (Doc. 29 at 2, Doc. 30).

**II. ANALYSIS**

    **A.   The Federal Defendants**

The Federal Defendants have moved to dismiss this action for lack of subject matter jurisdiction, for failure to state a claim upon which relief may be granted, as barred by absolute and qualified immunity, and for insufficiency of service of process. (Docs. 17 & 21.) The court finds that each of these

4

bases provides sufficient grounds to dismiss the complaint against the Federal Defendants.

First, Morris has ostensibly brought an action against the Federal Defendants in their official capacities. (See generally Doc. 4.) Because Morris's action is therefore against the federal government and its instrumentalities, sovereign immunity is presumed and cannot be overcome without an express statutory waiver. Research Triangle v. Bd. of Gov. of Fed. Reserve Sys., 132 F.3d 985, 987 (4th Cir. 1997). Morris's complaint fails to establish a waiver of sovereign immunity or any basis for this court's subject matter jurisdiction, and it therefore should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).

Dismissal is also appropriate pursuant to Federal Rule of Civil Procedure 12(b)(6). A complaint that does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" will be dismissed. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Because Morris is proceeding *pro se*, the court will liberally construe his complaint in assessing its sufficiency under the Federal Rules of Civil Procedure. Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, despite this liberal construction, "generosity is not fantasy," and the court is not expected to plead a plaintiff's

claim for him. Bender v. Suburban Hosp., Inc., 159 F.3d 186, 192 (4th Cir. 1998).

In this case, the complaint contains no factual allegations whatsoever relating to the Federal Defendants - any mention of or allegations against them are nonsensical and entirely conclusory. In fact, the court is unable to identify any cognizable legal claim in Morris's complaint. As such, the complaint should also be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[4]

**B.   The State Defendants**

The State Defendants move to dismiss Morris's claims on the grounds of insufficiency of service of process, the Eleventh Amendment, failure to state a claim on which relief can be granted, and absolute and qualified immunity. The court finds that all of these grounds are appropriate bases for dismissal.[5]

---

[4] Additional grounds supporting dismissal also exist but do not warrant extended discussion in light of the clear lack of merit to the action. For example, all federal judicial officials are entitled to absolute immunity for claims arising out of judicial acts. Chu v. Griffith, 771 F.2d 79, 81 (4th Cir. 1985). The other federal officials are entitled to qualified immunity for claims arising out of their official duties, and Morris fails to plead that these officials violated his clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). While the Federal Defendants' arguments regarding insufficiency of service of process are also merited, the court need not permit leave to correct these defects insofar as the action is doomed for the many reasons noted.

[5] Here, too, the State Defendants note that dismissal is proper because of insufficiency of service of process. While the State Defendants' arguments are merited, the court declines to grant leave to correct

6

First, Morris's claim is barred by the Eleventh Amendment. The Eleventh Amendment forbids actions against state officials for retroactive monetary relief. Kentucky v. Graham, 473 U.S. 159, 169 (1985). The State Defendants in this case are all North Carolina state officials, see N.C. Gen. Stat. § 7A-10 (N.C. Supreme Court justices); id. § 7A-41 (N.C. Superior Court judges); id. §§ 114-1, -4 (Attorney General/Special Deputy Attorney General), and therefore the Eleventh Amendment bars Morris from recovering money damages from them. As such, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1). See Blackburn v. Trs. of Guilford Technical Cmty. Coll., 822 F. Supp. 2d 539, 542 n.2 (M.D.N.C. 2011).

Second, similar to the allegations against the Federal Defendants, Morris's claims against the State Defendants are entirely conclusory, lacking any plausible factual allegations, and devoid of a legal basis. The complaint can therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Third, the State Defendants are entitled to immunity for actions arising out of their official duties as state judicial officers and officials. Specifically, Chief Justice Parker, Justice Martin, Justice Edmunds, former Justice Brady, former Justice Timmons-Goodson, Justice Newby, Justice Hudson, and

---

these defects because the action is spurious and doomed to a dismissal nevertheless.

Judge Hobgood are entitled to absolute judicial immunity for any acts arising out of their judicial roles. See Bradley v. Fisher, 80 U.S. 335 (1871). Claims against Defendants Cooper, Montgomery, and Balentine that arise out of their official duties as state officials are also dismissed pursuant to qualified immunity, as Morris's complaint fails to allege sufficient facts to make plausible that these Defendants violated his "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Accordingly, Morris's claims against the State Defendants should be dismissed.

### C. County of Durham

The County of Durham ("County") is not referenced in Morris's complaint. (See Doc. 4.) In fact, the only time the County is mentioned is in a Certificate of Service attached to a "Motion to Amend this Action upon Durham County Courthouse for Negligence" that Morris filed in state court. (Doc. 1, Ex. C.) In his purported motion to amend, the only allegation Morris makes is that "black men pull out college and kill by N.C. state authorities. State authorities try kill me inside Durham Courthouse." (Id. at 2.) The date Morris provides as to the timing of these allegations is March 21, 2008. (Id. at 3.)

This motion to amend was filed prior to removal of the action to this court, and thus it is not governed by the Federal

8

Rules of Civil Procedure.  Kirby v. Allegheny Beverage Corp., 811 F.2d 253, 257 (4th Cir. 1987) (stating that "the [Federal Rules of Civil Procedure] do not apply to the filing of pleadings or motions prior to removal").  Accordingly, North Carolina law will determine whether amendment is appropriate.  Pursuant to North Carolina state law, Plaintiff's attempt to assert a claim against the County does not relate back to the date of Plaintiff's complaint, as it seeks to add a new party.  Estate of Fennell v. Stephenson, 354 N.C. 327, 334–35, 554 S.E.2d 629, 633–34 (2001) ("This Court has directly and explicitly stated that while Rule 15 of the North Carolina Rules of Civil Procedure permits the relation-back doctrine to extend periods for pursuing claims, it does not apply to parties.").  As such, the three year statute of limitations for negligence would have expired March 21, 2011, see N.C.G.S. § 1-52, and any claim against the County would be barred.  Even if it were not, the motion to amend is plainly frivolous and without merit, and any claim it seeks to add should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).[6]

**D.  Pre-filing Injunction**

In addition to moving to dismiss Morris's claims, the Federal Defendants also move for a permanent pre-filing

---

[6] In fact, Morris fails to name the County at all in his motion to amend – his conclusory allegations involve "state authorities," not the County.

9

injunction that bars Morris "from filing any future lawsuits, motions, or related proceedings, which are directly or indirectly related to this suit, in any Court, whether state or federal, without review by this Court." (Doc. 28 at 2, Doc. 30.)

Under the All Writs Act, 28 U.S.C. § 1651(a), district courts may restrict access to parties who repeatedly file frivolous litigation. In re Burnley, 988 F.2d 1, 3-4 (4th Cir. 1992); Abdul-Akbar v. Watson, 901 F.2d 329, 332 (3d Cir. 1990); In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984) ("Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions."). Pro se litigants, like Plaintiff, enjoy no exception to these rules. See Mallon v. Padova, 806 F. Supp. 1189 (E.D. Pa. 1992). As noted previously by this court:

> The court is given substantial discretion to craft appropriate sanctions, and an injunction from filing any further actions is an appropriate sanction to curb groundless, repetitive, and frivolous suits: "A court faced with a litigant engaged in a pattern of frivolous litigation has the authority to implement a remedy that may include restrictions on that litigant's access to the court." Lysiak v. Commissioner of Internal Revenue, 816 F.2d 311, 313 (7th Cir. 1987); see also Pavilonis [v. King], 626 F.2d [1075] at 1079 [1st Cir. 1980] (injunction pertaining to all pleadings and future lawsuits); Gordon v.

10

> United States Dep't of Justice, 558 F.2d 618
> (1st Cir. 1977) (enjoining continuing,
> instituting, or prosecuting, without prior
> leave of court, any legal proceedings in any
> court); Hilgeford v. Peoples Bank, Inc., 652
> F. Supp. 230 (N.D. Ind. 1986) (enjoining any
> filings or proceedings in any federal
> court).

Armstrong v. Koury Corp., 16 F. Supp. 2d 616, 620 (M.D.N.C. 1998), aff'd per curiam, 168 F.3d 481, 1999 WL 11298 (4th Cir. 1999) (unpublished table decision).

Such a remedy is a drastic one that is to be employed sparingly. Cromer v. Kraft Foods N. Am., Inc., 390 F.3d 812, 817 (4th Cir. 2004). Before a court can enter a pre-filing injunction, it must analyze all relevant circumstances, including: "(1) the party's history of litigation, in particular whether he has filed vexatious, harassing, or duplicative lawsuits; (2) whether the party had a good faith basis for pursuing the litigation, or simply intended to harass; (3) the extent of the burden on the courts and other parties resulting from the party's filings; and (4) the adequacy of alternative sanctions." Id. at 818. If such analysis reveals that an injunction is justified, it must be narrowly tailored to fit the specific circumstances at issue. Id.

Here, these factors weigh heavily in favor of a pre-filing injunction. Morris has a history of filing vexatious and duplicative lawsuits. This is the sixth lawsuit that has been

dismissed as frivolous. A review of the complaints in these cases reveals that his filings are nonsensical and not grounded in law or plausible facts. In fact, after six federal filings, the legal bases for Morris's claims remain unclear, yet he raises the same or similar indecipherable claims without any facts to support them. This pattern is repeated in the current action, which lacks any good faith basis for its filing. Notwithstanding Morris's personal beliefs about the merits of his claims, the accumulation of six frivolous federal lawsuits indicates that Morris is abusing the court system. It would be a waste of judicial resources to continue to review and respond to Plaintiff's specious claims.

The governmental employees Morris has sued should be free from such unwarranted harassment so they can devote their time to the legitimate matters before them. Morris has left the court no alternative remedy that would achieve the same solution as a pre-filing injunction. He has been told that each of his actions is frivolous, and each has previously been dismissed with prejudice, see 1:10-cv-00130, yet Morris has continued to file additional frivolous lawsuits approximately every two years.

Thus, after considering all of the relevant circumstances, the court finds that a pre-filing injunction is an appropriate, indeed necessary, remedy in this case. Accordingly, the court

will enjoin Morris from filing any future lawsuits, motions, or related proceedings, which are related, directly or indirectly, to this lawsuit or any of Morris's past lawsuits dismissed as frivolous, in any court, whether state or federal, without leave of this court.  This court will grant permission to file any new complaint only if Morris demonstrates through a motion that the proposed filing meets the following requirements: (1) it can survive a challenge under Federal Rule of Civil Procedure 12; (2) it is not repetitive or violative of a court order; and (3) it complies with Federal Rule of Civil Procedure 11.  The court will also order Plaintiff to attach a copy of this Order and Injunction to any such motion for leave of court so the presiding judge is aware of Morris's litigation history and the restriction on his ability to file such an action.

**III. CONCLUSION**

For the reasons set forth above,

IT IS THEREFORE ORDERED AND ADJUDGED that

1. The motions to dismiss filed by the Federal Defendants (Docs. 16 & 20) are GRANTED and Plaintiff's claims against all Federal Defendants are DISMISSED WITH PREJUDICE;

2. The motion to dismiss filed by the State Defendants (Doc. 18) is GRANTED and Plaintiff's claims against the State Defendants are DISMISSED WITH PREJUDICE; and

13

3. The motion to dismiss filed by the County of Durham (Doc. 12) is GRANTED and Plaintiff's claims against the County of Durham are DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED AND ADJUDGED that in order to protect the court, the named Defendants, and any potential defendants from the harassment of frivolous and vexatious litigation, Defendants' motion for a pre-filing injunction (Docs. 28, 30) is GRANTED, and the court issues the following injunction:

The court ENJOINS Plaintiff, and anyone acting on his behalf, from filing any lawsuit, motion, or related proceeding that is related, directly or indirectly, to the matters serving as the basis of this lawsuit or any of Plaintiff's past lawsuits filed in this court that were dismissed as frivolous, in any state or federal court, without leave of this court. Leave of this court shall be granted only upon Plaintiff's demonstration, through a proper motion, that the proposed filing: (1) can survive a challenge under Federal Rule of Civil Procedure 12; (2) does not repeat a prior action or violate a court order; and (3) complies with Federal Rule of Civil Procedure 11. The court ORDERS Plaintiff to attach a copy of this Memorandum Opinion and Order and Injunction to any such motion for leave of court.

                                      /s/   Thomas D. Schroeder
                                      United States District Judge

May 9, 2013

14

Case 1:12-cv-01359-TDS-LPA   Document 42   Filed 05/09/13   Page 14 of 14